# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Major Shay Price,**

    *Plaintiff,*

v.                                               Case No. 3:09-cv-426
                                                                 Judge Thomas M. Rose

**Michael Donley, Secretary of the Air Force,**

    *Defendant.*

---

### ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS. (DOC. 6).

---

Pending before the Court is Defendant's Motion to Dismiss. Doc. 6. Therein, Defendant requests that the Court dismiss the Amended Complaint, doc. 3, both because Plaintiff has failed to exhaust his administrative remedies, and because, Defendant claims, the Court does not have subject matter jurisdiction over Plaintiff's request for declaratory judgment that he has been unlawfully retained in the military. According to Defendant, even if Plaintiff is not required to exhaust administrative remedies, the exclusive means for challenging retention in the military is a petition for a writ of habeas corpus. Plaintiff counters that he should be excused from exhausting his administrative remedies due to the alleged futility of the available remedies and because he is asserting a constitutional claim. Plaintiff further requests that the Court convert his complaint into a petition for a writ of habeas corpus. The Defendant's reply, asserts that, even if the Court were to convert the complaint to a petition for a writ of habeas corpus, the Court lacks jurisdiction over Plaintiff's commanding officer. Because the Court finds Plaintiff's failure to exhaust to be

dispositive of this case, the Court will not consider the questions surrounding possible conversion of the complaint into a writ of habeas corpus and jurisdiction over Plaintiff's commanding officer.

**I.      Background**

On March 16, 2004, Plaintiff Shay Price, a physician who was then in a post-graduate medical education program, agreed to service in the Air Force in exchange for the Air Force's agreement to make payments during his post-medical school education. Under the terms of the contract, the Air Force agreed to pay Plaintiff financial assistance while he pursued a post-graduate medical education in general surgery. Price alleges that when he entered the Air Force's Financial Assistance Program, his recruiting sergeant informed him that he could switch from General Surgery to Anesthesiology after he entered the program. In return, Plaintiff agreed to serve on active duty with the Air Force for a specified period of time. Two months after Plaintiff entered the Financial Assistance Program, he entered an anesthesiology residency.

Plaintiff claims to have appraised the Air Force of his anesthesiology residency on at least two occasions by way of annual report, starting in September of 2004. In response to one of these communications, the Air Force informed Plaintiff that since he had not begun his residency as a general surgeon, his contract was void. Col. Molly Hall, HQ/AFPC/DPAME, recommended discharge with recoupment. While the Air Force needed, and still needs, doctors trained in general surgery, it has a surplus of anesthesiologists.

In October of 2007, Plaintiff was recalled to active duty and was ordered to report to Officer Candidate School in January of 2008. Plaintiff implies that a motivating factor in this decision was the Air Force's assessment that it could only recoup $15,000 of the stipend.

In December 2008, Plaintiff initiated his first administrative action, requesting separation due to economic hardship, by filing an Application for Correction of Military Records before the Air Force Board of Corrections of Military Records ("AFBCMR"). The AFBCMR denied Plaintiff's initial request. Early in 2009 Plaintiff was advised that he would be deployed to Iraq in November of that year. On October 21, 2009, Plaintiff, through counsel, again applied to the AFBCMR for relief, and specifically requested in the application that the AFBCMR consider his case as a new application. This application is still pending.

On November 6, 2009, Plaintiff filed the instant action, requesting that the Court declare his contract with the Air Force void and that a temporary restraining order issue. Doc. 1. The request for a restraining order was denied November 9, 2009. Doc. 5. Plaintiff reported for deployment to Iraq on November 11, 2009. His tour is scheduled to terminate on or around April 24, 2010. On January 8, 2010, Defendant filed a motion ro dismiss, which is now ripe for consideration by the Court.

## II.     Analysis

Defendant requests that the Court dismiss the Amended Complaint, doc. 3, both because Plaintiff has failed to exhaust his administrative remedies, and because, Defendant claims, the Court does not have subject matter jurisdiction over Plaintiff's request for declaratory judgment. According to Defendant, the exclusive means for challenging retention in the military is a petition for a writ of habeas corpus. Plaintiff counters that he should be excused from exhausting his administrative remedies due to the alleged futility of the available remedies, and further requests that the Court convert his complaint into a petition for a writ of habeas corpus. The Defendant's reply

asserts that, even if the Court were to convert the complaint to a petition for a writ of habeas corpus, the Court lacks jurisdiction over Plaintiff's commanding officer.

"The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence-to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Duffy v. United States*, 966 F.2d 307, 311 (7th Cir. 1992) (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972)). Plaintiff asserts, however, that he should not be required to exhaust his remedies, both because he is asserting a Constitutional claim of denial of due process and because the process is futile.

There is an exception to the exhaustion requirement when a plaintiff claims constitutional rights are being breached, however, this is only true when two factors apply: first, there must be no statute or administrative rule requiring a plaintiff to exhaust his administrative remedies, and the administrative agency must not have the authority to adjudicate the plaintiff's constitutional claim. *Bangura v. Hansen*, 434 F.3d 487, 494 (6th Cir.2006); see also *Kawuwung v. Holder*, 2009 WL 4882520, *3 (6th Cir. 2009). The presence of constitutional claims does not obviate the need to pursue administrative remedies. *Duffy*, at 311. As Defendant points out, Plaintiff can obtain the relief he seeks through the AFBCMR.

Futility can serve as a basis for excusing exhaustion of administrative remedies. *Midwest Family Clinic, Inc. v. Shalala*, 998 F. Supp. 763, 768 (E.D. Mich. 1998) (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-31 (1976). In the instant case, however, there is no apparent reason why the administrative process would be futile, especially if Plaintiff were to have asserted his claim that the contract was void in a timely manner.

What remains for the Court to determine, then, is to decide whether the case should be dismissed without prejudice or stayed pending resolution of Plaintiff's administrative action. Other courts have found that the importance of national security questions inherent in the functioning of the military weigh in favor of dismissal in these cases. *Jamison v. Stetson*, 471 F. Supp. 48, 55-56 (D.C.N.Y., 1978). This Court agrees, and will dismiss the case without prejudice. Because Plaintiff's failure to exhaust administrative remedies warrants dismissal of the case, the Court need not now resolve Defendant's arguments concerning the availability of relief under the Declaratory Judgment Act.

### III. Conclusion

Because Plaintiff has failed to exhaust his administrative remedies, Defendant's Motion to Dismiss, doc. 6, is **GRANTED**.

DONE and **ORDERED** in Dayton, Ohio, this Monday, April 19, 2010.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE